## Commonwealth v. Espola

*Henry S. Kenderdine Jr., assistant district attorney,* for the Commonwealth.
*James P. Cullen,* for defendant.
*George C. Werner,* for intervenor.

FARINA, *J.,* December 26, 1990 — By motion to intervene in pending criminal proceedings and to inspect and copy documents filed by intervenor/movant Lancaster Newspapers Inc., we are here called upon to determine the extent to which there is a public right of access to a document presented to, but not required by law, custom or usage to remain on file with a district justice during the course of a preliminary hearing upon which document the district justice relies in rendering his/her decision on pending criminal charges.

The applicable facts are not in dispute. As the consequence of a suspicious fire on July 30, 1990 resulting in the deaths of five persons, a criminal investigation culminated in criminal charges of arson and criminal homicide (five counts) being filed against Jose Antonio Espola, a 14-year-old juvenile. Defendant was charged as an adult under section 3301(a)(2) of the Crimes Code; to date no petition is pending requesting transfer of the charges to Juvenile Court under 42 Pa.C.S. §6322(a). A preliminary hearing was conducted on October 23, 1990 at the

conclusion of which all charges were returned to court. During the hearing the assistant district attorney prosecuting the case offered into evidence, out of the police investigation file, a written statement of defendant with a request that the District Justice read it to herself. After silently reading the statement the District Justice returned it to the Commonwealth. Counsel for defendant did not object to this matter of presentation of evidence and all indications are counsel concurred in it. The effect was that the Lancaster Newspapers Inc.'s reporter present and covering the hearing was unable to learn of the contents of defendant's statement. Following the hearing the newspaper's reporter requested the District Justice make the statement public, and she refused. The newspaper's formal motion followed. The District Attorney and counsel for defendant filed answers opposing the request.[1]

Preliminarily we note all parties agree the newspaper's procedural choice to bring the issue to court by way of intervention in and motion to inspect and copy under the caption of the pending criminal case against defendant is proper. See *Commonwealth v. Fenstermaker*, 515 Pa. 501, 530 A.2d 414 (1987). All parties further agree that *Fenstermaker* is the applicable authority, each party relying upon it to support their opposing positions.

In *Fenstermaker* the petitioning newspaper sought the right to inspect, in a pending criminal proceeding, the affidavit of probable cause filed with a district justice by the Commonwealth to support its request for an arrest warrant. The Pennsylvania Supreme Court determined that the affidavit of probable cause, "filed" with the magistrate, was a "public judicial document," the right of public

---

1. Briefs were filed and oral argument held December 14, 1990.

inspection and copying of which cannot be denied absent compelling reasons warranting the court's ordering the document temporarily sealed. The Supreme Court's opinion does not set forth a single general purpose definition of public judicial document that would be applicable in all cases.

Tracing the common-law history and tradition of "keeping proceedings and records of the criminal justice system open to public observation" and finding it "clear that the courts of this country recognize a general right to inspect and copy public records and documents including judicial records and documents" the Supreme Court concluded that the "right . . . to inspect and copy judicial [documents] antedates the Constitution and has been justified on grounds of the public's right to know and the public's right to open courts." *Fenstermaker,* 515 Pa. at 508, 530 A.2d at 418. Finding a common-law right to inspect that would be infringed by a per se rule sealing all affidavits of probable cause, the court found it unnecessary to consider the case on constitutional First Amendment grounds. Consequently the *Fenstermaker* inspection principle does not rest upon any constitutional basis and Lancaster Newspapers' requested relief founded upon *Fenstermaker* requires no constitutional analysis.

Recognizing the public's generalized common-law right to inspect and copy, the Supreme Court instructs that in analyzing an inspection request the threshold inquiry is whether the document to which public access is sought is a public judicial document. In analyzing such a request in the context of an affidavit of probable cause filed with a magistrate to support a request for an arrest warrant the Supreme Court in *Fenstermaker* observed:

(1) "[N]ot all writings connected with judicial proceedings constitute public judicial documents." 515 Pa. at 508, 530 A.2d at 418.

(2) "[D]ocuments that are *filed* with magistrates constitute 'judicial' documents, for magistrates" are part of the court system. 515 Pa. at 508, 530 A.2d at 418. (emphasis supplied)

(3) "[D]ocuments upon which a magistrate bases a decision to issue an arrest warrant are clearly judicial in character, for the decision to issue a warrant is itself a judicial one. . ." 515 Pa. at 509, 530 A.2d at 418.

(4) "[W]hether documents deposited with magistrates are to be deemed 'public' in nature" depends upon a consideration of factors. 515 Pa. at 509, 530 A.2d at 418. In the case of arrest warrant affidavits these include: they are required by Rules of Criminal Procedure 101 and 146 to be filed with the magistrate and become part of the permanent public record of the case.

Based upon the foregoing observations the Supreme Court concluded that arrest warrant affidavits, once filed with a magistrate, are public judicial documents subject to public inspection.

In this case the newspaper does not seek the affidavit of probable cause but rather the right to inspect defendant's written statement introduced into evidence by the Commonwealth at defendant's preliminary hearing and read, with the concurrence of defendant, silently by the magistrate. Submitting defendant's statement to the *Fenstermaker* analysis we observe: First, the mere fact the statement was introduced into evidence does not make it a public judicial document. Second, the statement was not "filed" with the magistrate. "Filed" is a term of art that means the document remains a part of the permanent public record of the proceeding before

the magistrate. A warrant of arrest affidavit is filed. Defendant's written statement is evidence that was introduced at the preliminary hearing but is not left with the magistrate to become part of the permanent court file. Documents introduced as evidence at a preliminary hearing are in the custody of the prosecuting police officer and after having been reviewed by the magistrate are returned to the officer. Evidence does not become "filed" or part of the permanent judicial record until it is admitted into evidence at the court of common pleas level at the time of trial. Third, defendant's written statement, read and considered by the magistrate in determining whether the Commonwealth has presented a prima facie case to be returned to court is clearly a document judicial in character, for the decision whether to return the case to court requires a judicial decision based upon consideration of the evidence presented. Fourth, defendant's statement, although a judicial document, is not a "public" document because it is not "filed" and does not become part of the magistrate or judicial system permanent public record until admitted into evidence at trial at the court of common pleas. Considering the foregoing we conclude that defendant's statement is not a "public judicial document" to which a right of public inspection exists under the *Fenstermaker* principles. Rather, it is merely evidence temporarily deposited with the magistrate for the purpose of the preliminary hearing only, that does not become a part of the permanent public record of the proceeding.

There are also sound policy reasons why defendant's statement is not at this present point in time subject to public inspection and copying. As a practical matter it is not now in, is not required by law, custom or usage to be in, nor should it be in, the

possession of the magistrate nor filed with the court. Any order by the court to the magistrate to permit inspection and copying would be futile and impossible of execution because she does not have it and is not required to now have it. It was, as it must have been, returned to the prosecutor after being considered during the preliminary hearing. Defendant's statement is evidence and rightfully in the possession and under the custody and control of the prosecuting police officer and district attorney. Any court order directing the statement be made available for inspection and copying would have to be directed to them and would by necessary implication and extension mean that any part of the investigatory file used at the preliminary hearing would also be subject to public inspection. However, records of investigation in the control of public agencies (the police and district attorney's office are such agencies) are exempt from public inspection and disclosure under the Right to Know Act, 65 P.S. §66.1.[2] Furthermore the district attorney, under Rule of Professional Conduct 3.6(a)(2) and *Commonwealth v. Pierce,* 451 Pa. 190, 303 A.2d 209 (1973) on which the rule is based, is prohibited from revealing to the public the contents of a defendant's statement in a pending criminal matter other than during the course of a criminal proceeding. Thus, to direct release of the statement to the newspaper by the police or district attorney at this time would be contrary to statute and would compel the district attorney to violate the Code of Professional Responsibility.

---

2. This act does not apply to the judiciary and we consequently did not analyze it for purposes of determining whether records on file with the judiciary are subject to public inspection.

Although we hold defendant's statement in this case is not yet a public judicial document subject to the right of public inspection, we are constrained to comment upon what occurred in this case. The newspaper stands in the shoes of and is representative of the public. Criminal preliminary hearings are public proceedings. The preliminary hearing for defendant in this case was a public proceeding at which the newspaper was rightly present as a representative of the general public, with the right to hear and observe. The public's right to hear and observe was thwarted and frustrated by the manner in which defendant's statement was presented into evidence. We have no doubt that the manner of presentation was purposefully selected by the Commonwealth and defense to prevent public dissemination of the contents of the statement by the press. This purposeful frustration of public dissemination was permitted to occur by the magistrate's acquiescence and willingness to silently read the statement. We condemn most strongly such procedure and issue notice and warning such practice must not be repeated. Evidence introduced in a preliminary hearing, if documentary, must, as to the portion relied, or requested to be relied upon by the magistrate, be read aloud sufficient to be heard by the public in attendance. Any deviation from such procedure can only be justified for reasons that would warrant *in camera* proceedings or sealing of the record. The Commonwealth concedes no reasons justifying sealing defendant's statement are here present.

We recognize that by holding defendant's statement in this case is not yet a public judicial document subject to the public inspection and copying, and by our determination that the Commonwealth's and defendant's manner of presentation of the state-

ment, with the magistrate's acquiescence, purposefully frustrated the public's right to observe a public criminal proceeding, we have determined there to be a wrong for which there is no remedy that compels immediate disclosure. However, we are constrained under the law to so rule. A remedy, if any, would have to take a different form than that requested by the newspaper, the type, necessity or appropriateness of which we here express no opinion as that issue is not now before us.

Accordingly, we enter the following

## ORDER

And now, December 26, 1990, the motion of Lancaster Newspapers Inc. to inspect and copy documents is denied.

